IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


CHARLES TOWNSEND                                                                    PLAINTIFF

vs.                                    Civil No. 1:05-CV-01110

MICHAEL J. ASTRUE[1]
Commissioner, Social Security Administration                          DEFENDANT


**ORDER**

Pending now before this Court is Plaintiff's Petition for a Fee pursuant to 42 U.S.C. § 406(b).
(Doc. No. 14).[2]  Defendant has responded to this petition and has no objections. (Doc. No. 15).  This
matter is ready for decision.

**1. Background:**

On November 14, 2005, Charles J. Townsend ("Plaintiff") appealed the Secretary of the
Social Security Administration's ("SSA") denial of his request for Supplemental Security Income
("SSI").  (Doc. No. 1).  On February 16, 2007, the Honorable Robert T. Dawson entered an order
reversing Plaintiff's case and awarding benefits to Plaintiff.  (Doc. No. 12).  After this order was
entered, Plaintiff filed the present petition for attorney's fees.  (Doc. No. 14).  This petition was filed
on July 11, 2007.  In this petition, Plaintiff's attorney, Denver L. Thornton, seeks approval of
attorney's fees for professional services in the amount of $1,750.00.  On July 17, 2007, Defendant
responded to Plaintiff's petition and has no objections to this petition.  (Doc. No. 15).

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commis-
sioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."

2. <u>**Applicable Law:**</u>

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of a claimant before the court.  This fee must not be in excess of 25% of the total past-due benefits to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the claimant's past-due benefits.  *See id.* A court, however, is not authorized to approve a fee for time spent in the representation of a claimant at the agency level.  *See* 42 U.S.C. § 406(b)(1).   It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts.  *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts").  Instead, a plaintiff's attorney must petition the agency for those fees.  *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied.  *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002).  The lodstar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate.  *See id.* The Supreme Court has, however, abrogated *Cotter* and has held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).  Instead, the Supreme Court held that Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded.  *See id.* at 808. Courts should utilize these

agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.*  The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b).  *Id.*  (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

### 3. <u>Discussion:</u>

Plaintiff's attorney asserts that he spent fourteen (14) hours performing court-related services for Plaintiff.  (Doc. No. 14).  Defendant does not object to the number of hours Plaintiff's attorney claims he spent representing Plaintiff or to Plaintiff's attorney's claim that this time was spent representing Plaintiff *before the court,* not the agency.  (Doc. No. 15).  Plaintiff's attorney also asserts that he is entitled to an award of $1,750.00, which represents an hourly rate of $125.00 for 14 hours of work.  *See id.*  The SSA is withholding 25% of Plaintiff's past-due benefits or $8,826.50, for attorney's fees.  (Doc. No. 14-2, Page 3).  Plaintiff's requested attorney's fees, $1,750.00, are substantially less than the total Plaintiff's attorney is authorized to recover, up to $8,826.50.

#### A. Plaintiff's Attorney's Hourly Rate

Plaintiff's attorney is requesting attorney's fees at an hourly rate of $125.00.  Plaintiff's attorney did not file his fee agreement with this Court, and it is unclear whether this hourly rate is authorized by Plaintiff's attorney's fee agreement with Plaintiff.  In its response, however, Defendant did not object to Plaintiff's attorney's failure to file this fee agreement.  Since Defendant did not object to this failure, this Court presumes Plaintiff and Plaintiff's attorney properly entered into a fee agreement that authorizes the amount requested by Plaintiff's attorney.  Defendant also did not object to the hourly rate requested by Plaintiff's attorney; and based upon this Court's review of the

3

hourly rate requested and Defendant's failure to object, this Court finds this hourly rate is reasonable. *See Gisbrecht,* 535 U.S. at 793.

### B. Plaintiff's Attorney's Hours Worked

This Court has also reviewed Plaintiff's fee itemization and the number of hours (14 hours) requested by Plaintiff's attorney. (Doc. No. 14). Defendant has not objected to the number of hours Plaintiff's attorney requested; and based upon this Court's review of Plaintiff's attorney's fee itemization and Defendant's failure to object, this Court finds that the 14 hours requested by Plaintiff's attorney is reasonable and should be allowed.

### 4. Conclusion:

This Court finds $125.00 is a reasonable hourly rate, **GRANTS** Plaintiff's Petition for a Fee (Doc. No. 14), and awards Plaintiff's attorney a total of **$1,750.00** in attorney's fees, which represents 14 hours Plaintiff's attorney spent representing Plaintiff before the Court at an hourly rate of $125.00.

**ENTERED** this **24th day of July, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge